IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs October 7, 2008

**STATE OF TENNESSEE v. WILLIAM GLENN WILEY**

**Appeal from the Criminal Court for Davidson County**
**No. 95-C-1918    Walter C. Kurtz, Judge**

**No. M2007-01299-CCA-R3-CD - Filed September 29, 2009**

D. KELLY THOMAS, JR., J., concurring.

I agree with the majority that, in spite of numerous misdeeds committed by the State, the defendant is not entitled to relief. However, rules of discovery and rules of disclosure of exculpatory evidence exist for a reason. They are a necessary part of our notion of due process and ensure the accused an opportunity to adequately prepare for trial. If the State violates the rules, whether intentionally or negligently, the result, even if correct, is tarnished. As Justice Douglas aptly pointed out over forty years ago, "[s]ociety wins not only when the guilty are convicted but when criminal trials are fair; our system of the administration of justice suffers when any accused is treated unfairly." Brady v. Maryland, 373 U.S. 83, 87 (1963). Such is the case herein.

The record in this case reveals suppression by the State of a prior inconsistent statement made by a key State witness. In addition, during the five-day trial, several discoverable documents were delivered to the Defendant. Evidently, delayed disclosure was so commonplace that the trial court kept count of the State's apologies. I note, in answer to the trial court's question about a discovery rule violation, the assistant district attorney general said, "Judge . . . I thought the reports had been provided, they weren't . . .." The report in question is noticeably absent from the State's formal response to the discovery motion filed with the court.

In light of the strength of the State's evidence at trial, I agree that timely disclosure of the documents and statement in question would not have altered the result. The presence of unidentified fingerprints at the scene of the crime does not change the fact that the Defendant's fingerprints are on the murder weapon. Likewise, the Defendant's girlfriend's initial denial of knowledge concerning the murder does not change the fact that the Defendant admitted hitting the victim in the head with a vodka bottle and taking his money. It is the strength of the State's proof that led to the majority's holding that the cumulative effect of the errors does not require reversal of the verdict. Again, I agree. If the State's proof was less convincing, I would conclude that the cumulative effect

of the numerous harmless errors requires reversal.  As the trial court admonished the State, "This is not a way to conduct a serious felony trial."

_____

D. KELLY THOMAS, JR., JUDGE